UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HONEYBEE ROBOTICS LLC,

                Plaintiff,

-v-

ENSIGN-BICKFORD AEROSPACE &
DEFENSE CO.,

                Defendant.

24-CV-2426 (JPO)

ORDER

---

J. PAUL OETKEN, District Judge:

      Before the Court is Defendant Ensign-Bickford Aerospace & Defense Co. ("EBAD")'s motion to stay discovery pending the resolution of underlying tax disputes. (ECF No. 27.) Honeybee Robotics LLC ("Honeybee") has opposed the motion. (ECF No. 31.) "[T]o control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, for litigants," the Court has inherent power to stay cases "to abide the proceedings in another." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "Upon a showing of good cause[,] a district court has considerable discretion to stay discovery pursuant to Rule 26(c)." *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) (cleaned up). Courts routinely grant stays where related proceedings may "impact the claims in the case before them." *Albert v. Blue Diamond Growers*, 232 F. Supp. 3d 509, 512 (S.D.N.Y. 2017) (collecting cases). "Courts consider five factors when determining whether to grant a stay: '(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.'" *Id.* (quoting *Kappel v. Comfort*, 914 F. Supp. 1056, 1059 (S.D.N.Y. 1996).

Having considered the legal standards and the parties' submissions, the Court finds it appropriate to impose a stay of discovery pending the resolution of the underlying tax disputes. As EBAD explains, the related proceedings may greatly diminish the maximum potential recovery in this case, which is already low compared to the costs of complex discovery contemplated by the parties. (ECF No. 27 at 3.)  Moreover, it serves judicial efficiency to await the resolution of related proceedings that may affect the subject matter of this litigation. Honeybee's concerns that delay is prejudicial because depositions suffer as "memories fade," that documents may be lost, or that witnesses may leave the country are far too speculative and generalized to overcome the specific reasons for granting a stay in this case. (*Cf.* ECF No. 31 at 2-3.)  And if Honeybee is correct that "[i]t could take years for Honeybee to receive refunds and/or abatement for the double tax payments and penalty," it does not follow that it would be "forced to stay litigation until this date uncertain occurs," since the Court retains the power to lift the stay at a sooner time. (*Cf. id.* at 2.)

Accordingly, Defendant's motion to stay discovery pending the resolution of the underlying tax disputes is GRANTED. The parties are directed to file a joint status letter on or before January 17, 2025, concerning the status of the related tax proceedings.

The Clerk of Court is directed to close the motion at ECF No. 27.

SO ORDERED.

Dated: September 19, 2024
       New York, New York

_____
J. PAUL OETKEN
United States District Judge