UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HONEYBEE ROBOTICS LLC
                              Plaintiff,

          -v-

ENSIGN-BICKFORD AEROSPACE &
DEFENSE COMPANY,
                              Defendant.

24-CV-2426 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

Plaintiff Honeybee Robotics LLC ("Honeybee") moves for reconsideration of the Court's

memorandum and order dated August 27, 2025 (ECF No. 102 ("Order")) denying Honeybee's

motion to amend its complaint for the second time.  (ECF No. 105 ("Mot.").)  Alternatively,

Honeybee seeks clarification that it may proceed with its claim for indemnification under the

Stock Purchase Agreement (the "SPA") pursuant to the First Amended Complaint (the "FAC").

For the reasons that follow, Honeybee's motion is denied.

## I.      Background

The Court assumes familiarity with the factual background as set forth in the Order denying

Honeybee's Motion to Amend.  (Order at 1-3.)

Honeybee principally argues that EBAD is required to indemnify it for alleged violations of

agreements related to a stock purchase acquisition.  (*Id.* at 1-2.)  Honeybee filed an initial

complaint on March 29, 2024.  (ECF No. 1.)  The first amended complaint was filed on April 15,

2024.  (ECF No. 7 ("FAC").)  On May 30, 2025, Honeybee filed a motion for leave to amend,

seeking to add a claim for indemnification under the indemnity provision of the SPA as well as

the indemnity provision under the Transition Services Agreement (the "TSA").  (ECF No. 77.)

The FAC mentions only the TSA in its indemnification claim.  (FAC ¶ 17.)  Given that a scheduling order required any motions to amend to be filed by July 12, 2024, the court denied this motion as untimely and lacking good cause.  (Order at 4.)  In support of its present motion for reconsideration or clarification, Honeybee filed a memorandum maintaining that it should be permitted to amend the FAC to include an indemnification claim under the SPA.  (ECF No. 106 ("Memo.) at 2.)  Alternatively, Honeybee asks the court to clarify that the FAC as currently written enables Honeybee to assert an indemnification claim under the SPA.  (*Id.* at 3.)

## II.    Legal Standards

### A.  Motion for Reconsideration

Motions for reconsideration are governed by Federal Rule of Civil Procedure 60(b).  Fed. R. Civ. P. 60(b).  Rule 60(b) provides that "the court may relieve a party . . . from a[n] . . . order" for six reasons.  *Id.*  These reasons are (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that was reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.  *Id.*

Local Civil Rule 6.3 provides additional procedural criteria for a motion for reconsideration.  Loc. R. 6.3.  In particular, the motion for reconsideration must be filed within 14 days after entry of the court's order.  *Id.*

The Second Circuit has repeatedly cautioned that it is difficult to prevail on a motion for reconsideration.  *See, e.g.*, *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("The standard for granting [a motion for reconsideration] is strict."); *Nakshin v. Holder,* 360 F. App'x

192, 193 (2d Cir. 2010) (summary order) ("The threshold for prevailing on a motion for reconsideration is high."). Motions for reconsideration are generally denied unless the moving party can point to "controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Cioce v. Cty. of Westchester*, 128 F. App'x 181, 185 (2d Cir. 2005) (summary order) (quotation marks omitted); *see also Goonan v. Fed. Rsrv. Bank of N.Y.*, No. 12-CV-3859, 2013 WL 1386933, at *1 (S.D.N.Y. Apr. 5, 2013) ("A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." (quotation marks omitted)). To prevail on a motion for reconsideration, the movant must bring evidence of (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or protect manifest injustice. *Indem. Ins. Co. of N. Am. v. Expeditors Int'l of Washington, Inc.*, No. 17-CV-2575, 2020 WL 1643892, at *1 (S.D.N.Y. Apr. 2, 2020).

### B.  Motion for Clarification

No Federal Rule of Civil Procedure specifically governs motions for clarification. *Nortek Inc. v. ITT LLC*, No. 21-CV-03999, 2022 WL 2657189, at *1 (S.D.N.Y. July 8, 2022). Unlike a motion for reconsideration, a motion for clarification is "not intended to alter or change a cou[r]t's order, but merely to resolve alleged ambiguities in the order." *Bank of New York Mellon, London Branch v. Cart 1, Ltd.*, No. 18-CV-6093, 2021 WL 2358695, at *1 (S.D.N.Y. June 9, 2021) (quoting *Metcalf v. Yale Univ.*, No. 15-CV-1696, 2019 WL 1767411, at *2 (D. Conn. Jan. 4, 2019)); *see also Deutsche Bank Nat'l Tr. Co. v. WMC Mortg., LLC*, No. 12-CV-1699, 2015 WL 11237310, at *6 (D. Conn. July 6, 2015) ("A clarification motion asks the Court: 'What did you mean to say?' A reconsideration motion says to the Court: 'We know what you

said.  It is wrong.  Change it.'"").  Clarification is not warranted unless a decision is unclear or ambiguous.  *Valelly v. Lynch*, No. 19-CV-7998, 2023 WL 4239073, at *6 (S.D.N.Y. June 28, 2023).

### III.    Discussion

#### A.  Motion for Reconsideration

In seeking reconsideration, Honeybee asks the Court to reevaluate its denial of leave to amend the FAC.  Amendments to pleadings are typically governed by Federal Rule of Civil Procedure 15(a)(2), which states that "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. Pro 15(a)(2).  Under Rule 15's liberal standard, judges "should freely give leave when justice so requires."  *Id*.  However, district courts exercise considerable discretion to "deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party."  *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).  Additionally, leave to amend might be denied when "plaintiffs have . . . already had one opportunity to plead . . . with greater specificity."  *Luce v. Edelstein*, 802 F.2d 49, 56 (2d Cir. 1986); *see also* 6 Wright & Miller, Federal Practice and Procedure § 1487 (3d ed. 2025) ("[I]f the court determines that plaintiff has had multiple opportunities to state a claim but has failed to do so, leave to amend may be denied.").

When a party seeks to amend pleadings after a deadline imposed by a scheduling order, Rule 15(a)'s liberal "freely give" standard is superseded by Rule 16(b)'s requirement of good cause for modifying a scheduling order.  *See Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003); Wright & Miller, Federal Practice and Procedure §1488 (3d ed. 2025).  Federal Rule of Civil Procedure 16(b) provides that a court's schedule "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. Pro 16(b)(4).  In the Second Circuit, "a district court

4

does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause." *Parker v. Columbia Pictures Indus.*, 204 F. 3d 326, 340 (2d Cir. 2000); *see also Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009) (upholding district court's denial of motion to amend because "[t]he record is devoid of evidence supporting plaintiffs' contention that good cause existed"). To establish good cause, the movant must show that the deadline could "not be reasonably met despite its diligence." *Fahmy v. Duane Reade, Inc.*, No. 04-CV-1798, 2005 WL 2338711, at *3 (S.D.N.Y. Sept. 26, 2005) (quotation marks omitted).

Because Honeybee argues neither that there is an intervening change in controlling law nor new evidence, it must successfully show "clear error" or manifest injustice to prevail on its motion for reconsideration. *Indem. Ins. Co. of N. Am.*, 2020 WL 1643892, at *1. Honeybee first argues that the court erred under Rule 16 in its determination that Honeybee did not establish good cause in its motion to amend. (Memo. at 6.) As Honeybee notes, the assessment of good cause hinges on "whether the moving party can demonstrate diligence." *Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). Honeybee argues that it acted diligently because it "could not have anticipated that EBAD would read the FAC narrowly." (Memo. at 7.). The Court disagrees. The mere fact that Honeybee did not anticipate EBAD's interpretation of the complaint has no bearing on whether it acted diligently in drafting its FAC. A party never knows for certain what its opponent will argue and part of "diligent" lawyering is anticipating counterarguments. *See Velazquez v. Legal Servs. Corp.*, 164 F.3d 757, 771 n.9 (2d Cir. 1999) ("As a practical matter, a lawyer often will not know in advance what arguments must be raised to counter those raised by the opposition as the litigation progresses."), *aff'd*, 531 U.S. 533 (2001); *Jones v. Ballon, Stoll & Itzler*, No. 88-CV-8459, 1990 WL 113120, at *6 (S.D.N.Y. July

27, 1990) ("It is fair to presume that [an attorney] . . . will assess the viability of affirmative defenses raised against his client and devise strategies for rebutting them." (cleaned up)), *aff'd sub nom. Jones v. Ballon, Stoll & Itzl*, 930 F.2d 908 (2d Cir. 1991).  Honeybee's lack of anticipation does not support its theory that the court clearly erred in denying its previous motion to amend for lack of good cause.[1]

The Court is similarly unpersuaded by Honeybee's contention that reconsideration is warranted based on a lack of prejudice to EBAD.  (Memo. at 8-9.)  As noted in the Order, although district courts have *discretion* to "consider other relevant factors, including, in particular, . . . prejudice [to] defendants," *Kasser*, 496 F.3d at 244, they are not obligated to do so. *Lenjo v. Lui*, No. 17-CV-7431, 2018 WL 4954101, at *2 (S.D.N.Y. Oct. 12, 2018) ("Simply put[, the judge] had discretion to deny leave to amend for lack of diligence and was not required to consider prejudice to Defendants.").  Thus, even accepting as true Honeybee's argument that EBAD would suffer no prejudice from amendment, that lack of prejudice is not dispositive of whether leave to amend should have been granted.  *Myers v. Moore*, 326 F.R.D. 50, 64 (S.D.N.Y. 2018) (stating that on a motion to amend decided under Rule 16(b), the court "is not

---

[1] Honeybee also argues that its current motion to amend should be granted because EBAD was allowed to amend its answer after the scheduling deadline. (Memo. at 9.)  That scenario is different from this one for two reasons. First, Honeybee consented to the amendment.  (*See* ECF No. 49 at 1).  Second, EBAD's only substantive change was "the addition of an affirmative defense based on Plaintiff's failure to mitigate damages, a defense EBAD has grounds to assert based on *information disclosed since* EBAD filed its initial answer."  (*Id.* (emphasis added).)  Thus, unlike Honeybee's motion to amend, EBAD's request for amendment was based on new *facts* that came to light and therefore survives the Rule 16 standard.  *Port Auth. Police Benevolent Ass'n, Inc. v. Port Auth. of N.Y. & N.J.*, No. 15-CV-3526 (Nathan, J.), 2016 WL 6083956, at *5 (S.D.N.Y. Oct. 17, 2016) ("Courts have consistently recognized that if a party learns new facts through discovery that were unavailable prior to the applicable deadline and moves promptly to name new parties based on such facts, leave to amend is appropriate [under Rule 16(b)].").  Furthermore, Honeybee had already been given one opportunity to amend its complaint. (ECF No. 5).  *Luce*, 802 F.2d at 56 (noting that motions to amend can be denied when "plaintiffs have . . . already had one opportunity to plead . . . with greater specificity").

required to reach the issue of prejudice"). "[D]espite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause." *Parker*, 204 F.3d at 340; *see also Holmes v. Grubman*, 568 F.3d 329, 334-35 (2d Cir. 2009) (affirming denial of leave to amend on the basis of good cause without considering Rule 15 factors), *certified question answered*, 286 Ga. 636 (2010). Accordingly, the Court did not commit clear error in concluding that Honeybee failed to demonstrate diligence and thereby good cause.

### B. Motion for Clarification

Honeybee's motion for clarification also fails. Honeybee does not point to any ambiguity in the previous order that must be clarified. Instead, Honeybee asks the court to make a specific conclusion as to the proper interpretation of the FAC—namely, that it asserts an indemnification claim pursuant to both the SPA and the TSA. (Memo. 9-10.)

A motion for clarification enables a party to ask the court for clarification *of an ambiguity*. *See Bank of New York Mellon, London Branch*, 2021 WL 2358695, at *1 (granting motion for clarification where opinion and order was "unclear as to the status of [the parties'] claims against one another"). Honeybee instead requests an affirmative ruling in its favor on an issue unrelated to an ambiguity in a prior court order. Honeybee may raise its argument that the SPA and TSA should be read together under New York law in later proceedings, such as in response to a motion for summary judgment. However, the Court declines to resolve this legal argument on a motion for clarification, where the issue is not properly before it. *See In re Google Digital Advert. Antitrust Litig.*, No. 21-MD-3010, 2023 WL 196146, at *1 (S.D.N.Y. Jan. 17, 2023) (denying a request to clarify guidelines for document production that "is essentially a request for an advisory opinion on legal principles").

7

**IV.    Conclusion**

For the foregoing reasons, Honeybee's motion for reconsideration and clarification is DENIED. The Clerk of the Court is directed to close the motion at Docket Number 105.

SO ORDERED.

Dated: January 12, 2026
      New York, NY

J. PAUL OETKEN
United States District Judge